# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA
v.

KENNETH H. DIPASQUALE

Defendant.

Case Number: 1:12CR00443-001

USM Number: 08464-087

Defendant's Attorney: Peter David Greenspun, Esq.

FILED MAY 10 2013 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 2 of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud, Wire Fraud and Bank Fraud | Felony | February 2008 | 1 |
| 18 U.S.C. §§ 1028A and 2 | Aggravated Identity Theft | Felony | 11/13/2007 | 2 |

On motion of the United States, the Court has dismissed the remaining count in the Indictment (Count 3) as to defendant KENNETH H. DIPASQUALE.

As pronounced on May 10, 2013, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 10th day of May, 2013.

/s/
Anthony J. Trenga
United States District Judge

**Defendant's Name:** DIPASQUALE, KENNETH H.
**Case Number:** 1:12CR00443-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FORTY-TWO (42) MONTHS.

This term of imprisonment consists of a term of EIGHTEEN (18) MONTHS on Count 1 and a term of TWENTY-FOUR (24) MONTHS on Count 2, all to be served consecutively

The Court makes the following recommendations to the Bureau of Prisons:
- The defendant be designated to the camp at FCI Cumberland, Maryland, if available and appropriate.

The defendant shall surrender for service of the sentence at a time and place as notified by the Probation Officer.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name:    DIPASQUALE, KENNETH H.
Case Number:         1:12CR00443-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of THREE (3) YEARS.

This term consists of a term of THREE (3) YEARS on Count 1 and a term of ONE (1) YEAR on Count 2, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name: DIPASQUALE, KENNETH H.
Case Number: 1:12CR00443-001

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. The defendant shall pay restitution totaling $3,354,773, joint and several, which shall be due and payable immediately in accordance with the Restitution Order entered on May 10, 2013. Any unpaid portion of restitution shall be paid at a rate of no less than $250 per month beginning within 60 days of release, until paid in full. At least $150 per month of this amount shall be paid to the two individual victims, N.A. and R.M. (divided proportionately) as priority until paid in full, with the remainder paid to the lenders.

2. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and other financial gains, to outstanding restitution prior to other financial obligations.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4. The defendant shall provide the probation officer access to any requested financial information.

5. The defendant shall notify his employer of his conviction for the instant offense.

**Defendant's Name:** DIPASQUALE, KENNETH H.
**Case Number:** 1:12CR00443-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $3,354,773.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$3,354,773.00** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution to the following payees in the amount listed below.

- See Restitution Order entered on May 10, 2013         $3,354,773.00

**Total Restitution**         $3,354,773.00

The defendant is solely responsible for $311,500 due to Bank of America and $193,305 owed to R.W. Of the total amount owed, the defendant is jointly and severally liable with Lyle Williams (1:12CR00443-002) for $496,737 and Nadin Samnang (1:11CR00575) for $2,353,231.

| | |
|---|---|
| Defendant's Name: | DIPASQUALE, KENNETH H. |
| Case Number: | 1:12CR00443-001 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Interest on the restitution is waived. The defendant shall pay restitution totaling $3,354,773, joint and several, which shall be due and payable immediately in accordance with the Restitution Order entered on May 10, 2013. Any unpaid portion of restitution shall be paid at a rate of no less than $250 per month beginning within 60 days of release, until paid in full. At least $150 per month of this amount shall be paid to the two individual victims, N.A. and R.M. (divided proportionately) as priority until paid in full, with the remainder paid to the lenders. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

The defendant is solely responsible for $311,500 due to Bank of America and $193,305 owed to R.W. Of the total amount owed, the defendant is jointly and severally liable with Lyle Williams (1:12CR00443-002) for $496,737 and Nadin Samnang (1:11CR00575) for $2,353,231.

The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE Order of Forfeiture entered by the Court on May 10, 2013.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.